05-11-00363-CR



**RECEIVED**
Court of Appeals

AUG 2 3 2013

Lisa Matz
Clerk, 5th District

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-1626-12 & 1627-12

### MARCUS JAMERSON, Appellant

v.

### STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

*Per curiam.*

### OPINION

Appellant was convicted of two counts of aggravated robbery and sentenced to 32 years in prison. He appealed, arguing that he had been denied his right to confrontation when the technical reviewer, rather than the analyst who performed his DNA test, testified at trial about the test results. The Court of Appeals affirmed the conviction, concluding that the

RECEIVED
Court of Appeals

AUG 2 3 2013

Clerk, 5th District

technical reviewer's testimony did not violate the Confrontation Clause. *Jamerson v. State*, 383 S.W.3d 309 (Tex. App. – Dallas 2012).

Appellant has filed a petition for discretionary review of this decision. We recently addressed this issue in *Burch v. State*, No. PD-0943-12, 2013 Tex. Crim. App. LEXIS 945 (Tex. Crim. App. June 26, 2013). In *Burch*, we held that the Confrontation Clause was violated by the admission of a drug analysis when the reviewing analyst, rather than the testing analyst, testified at trial. In that case, the person who testified did not participate in the testing or witness the tests being performed.

The Court of Appeals in the instant case did not have the benefit of our opinion in *Burch*. Accordingly, we grant Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of *Burch*.

DATE DELIVERED: August 21, 2013

PUBLISH